## Miller v. Miller

*Daniel E. Teeter*, for plaintiff.

MACPHAIL, P. J., January 27, 1967.—Pennsylvania Rule of Civil Procedure 1126 (8) provides that plaintiff's complaint shall set forth whether there has been any prior action for divorce and, if so, the "caption, court, term and number thereof, the date commenced, the grounds therefor and the present status if pending or the final disposition thereof". Plaintiff's complaint sets forth everything required by the rule except the "caption" and "court". Even though other jurisdictions have held that strict compliance with the pleading rules applicable to divorce actions is required (Cooper v. Cooper, 30 D. & C. 2d 503, 1963, and Oyer v. Oyer, 4 D. & C. 2d 758, 6 Cumb. 65, 1955), we will take judicial notice of the fact that on June 15, 1957, the date specified in plaintiff's present complaint, Viola A. (Shank) Miller instituted an action in divorce in the Court of Common Pleas of Adams County, Pa., under the caption of "Viola A. (Shank) Miller vs. Mahlon Rudolph Miller". We feel that defendant is on notice on the basis of the present complaint that a suit had been previously instituted, that the action was concluded by a ruling adverse to her and that the previous action was instituted in the same jurisdiction as the present one. Since the purpose of the rule cited above is principally to prevent parties from instituting suits in different jurisdictions while the same matter may be pending in another jurisdiction, it is

unnecessary to require plaintiff to amend his complaint to comply strictly with the provisions of rule 1126(8).

However, we must refer this matter back to the master for another reason. Our Local Rule of Court 130, in pertinent part, states that: "In cases where desertion is alleged as a ground for divorce, the Master shall inquire and report whether there has been a proceeding for desertion in the Court of Quarter Sessions, what decree was made therein, and whether and how the same has been complied with". A similar rule has been held to apply to those actions where the husband is plaintiff, as well as where he is defendant: Girard v. Girard, 4 Adams 207 (1962). If plaintiff was under a support order for the support of his wife, this would certainly be a matter for the master and the court to take into consideration. Since the record does not disclose that there was an inquiry into this matter, we will return the record to the master for the purpose of making such an inquiry.

And now, January 27, 1967, for the reason given, the above divorce is referred back to the master for further proceedings consistent with the foregoing opinion.